UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                )
   STEPHEN GEORGE ARNOLD,   )    Case No. 07-11543
   SSN: xxx-xx-8948,              )    Chapter 7
                                      )
         Debtor.                  )

## MOTION FOR RELIEF FROM AUTOMATIC STAY

ELKES DEVELOPMENT, LLC, a North Carolina limited liability company (hereinafter movant), by and through its undersigned attorney, and moves the Court pursuant to 11 U.S.C.§ 362(d) and Bankruptcy Rule 4001, for relief from the automatic stay, and states:

1. Debtor, Stephen George Arnold, filed a Voluntary Petition for Relief under Chapter 7, on October 26, 2007.

2. Prior thereto, on or about September 4, 2007, debtor was found in civil contempt of court in a state court civil action now pending in The General Court of Justice of the State of North Carolina, Superior Court Division, Randolph County, entitled *Nello L. Teer Company dba Larco Construction, Plaintiff vs. Arcon, Inc., Elkes Development, LLC, First Bank, and David L. Cecil, Trustee, Defendants*, Case No. 04-CVS-1087 (the "State Court Action").

3. The State Court Action was filed on May 27, 2004. At the time of the filing of debtor's petition in this proceeding, the original plaintiff and defendants First Bank and David Cecil, Trustee, no longer were parties to the State Court Action. The defendants Arcon, Inc. ("Arcon") and Elkes Development, LLC ("movant") filed

1

crossclaims against one another in the State Court Action, each alleging breach of a contract for construction services entered into between them. Arcon and movant, at the time of the filing of debtor's petition in this proceeding, were the only remaining parties to the State Court Action. Debtor, Stephen George Arnold ("Arnold"), also known as Steve Arnold, is the sole shareholder and officer of Arcon.

4. On September 4, 2007, the Honorable John O. Craig, III, Superior Court Judge ("Judge Craig"), entered an order granting sanctions for the failure of Arcon to comply with earlier orders of the Superior Court requiring that Arcon provide discovery responses; that order was filed on September 5, 2007 (the "Civil Contempt Order"). In that Civil Contempt Order, debtor was found to be in contempt of court. In the Civil Contempt Order, Judge Craig concluded, as a matter of law, that debtor was in civil contempt of court as a result of his willful failure and refusal to comply with a prior order of the court.

5. In order for debtor to purge himself of the contempt of court, the Civil Contempt Order directed that he must pay to the Randolph County Clerk of Superior Court, for the benefit of movant, the sum of $5,000.00, as and for a discovery sanction; and pay to movant's attorneys, Puryear and Lingle, P.L.L.C., the sum of $1,250.00 as and for attorney's fees.

6. On September 14, 2007, in compliance with the Civil Contempt Order, debtor deposited with the Clerk of Superior Court of Randolph County the sum of $5,000.00. In an order entered effective as of October 1, 2007, Judge Craig directed that on October 29, 2007, the state Superior Court would make a determination regarding the disposition of the sum of $5,000.00 deposited with the Clerk of Superior Court by debtor.

Judge Craig further ordered that, in aid of that determination, movant should, on or before October 29, 2007, file and serve evidence to support its claims for damages and expenses that it had incurred as a result of debtor's civil contempt.

      7.     The State Court Action was set for trial in Randolph County Superior Court on October 29, 2007. All proceedings in the State Court Action were stayed by the filing of a petition for bankruptcy in this Court by Arcon on October 26, 2007, case number 07-11541, and by the filing on October 26, 2007 of debtor's petition in this bankruptcy case. The $5,000.00 deposited by debtor with the Clerk of Superior Court of Randolph County in compliance with the Civil Contempt Order remains on deposit and there has been no adjudication by the state court to direct its disbursement. Movant has filed, contemporaneously with the filing of the present motion, a motion to lift the automatic stay in case number 07-11541, to permit the state court to move forward with and conclude the proceedings in the State Court Action.

      8.     Movant is entitled to relief from the automatic stay and in support thereof affirmatively states that (1) the issues relating to the civil contempt sanction involve only issues of state law so that the expertise of the Bankruptcy Court is unnecessary to resolve the issues; (2) modifying the stay will promote judicial economy and there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) the debtor's estate can be protected properly by a requirement that movant seek enforcement of any final order awarding the civil contempt sanctions through the bankruptcy court. Movant has filed, contemporaneously with the filing of the present motion to lift the automatic stay, a complaint to determine the dischargeability of the debt represented by the Civil Contempt

Order in the State Court Action. Movant also has filed, contemporaneously with the filing of the present motion to lift the automatic stay, a motion to lift the automatic stay in case number 07-11541, to permit the state court to move forward with trial and conclude all proceedings in the State Court Action.

WHEREFORE, movant, Elkes Development, LLC, prays that this Honorable Court will enter its order terminating the automatic stay as it applies to movant's claim to recover the civil contempt sanction ordered against debtor in the State Court Action.

Respectfully submitted, this the 1st day of February, 2008.

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
NC State Bar No. 11063
puryear@puryearandlingle.com
Attorney for Movant
PURYEAR & LINGLE, P.L.L.C.
Adams Farm Professional Center
5501-E Adams Farm Lane
Greensboro, NC 27407-6396
Phone:  (336) 218-0227
Fax:     (336) 218-0240

CERTIFICATE OF SERVICE

I, David B. Puryear, Jr., attorney for movant Elkes Development, LLC, in the above-entitled action, hereby certify that on the 1st day of February, 2008, I electronically filed the foregoing document with the Clerk of Court in the United States Bankruptcy Court for the Middle District of North Carolina using the CM/ECF system which will send notification of such filing to the following:

Rayford K. Adams, III
Attorney for Debtor
PO Box 20570
Greensboro, NC 27420

Everett B. Saslow, Jr.
Chapter 7 Trustee
PO Box 989
Greensboro, NC 27402

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
NC State Bar No. 11063
puryear@puryearandlingle.com
Attorney for Movant
PURYEAR AND LINGLE, P.L.L.C.
Adams Farm Professional Center
5501-E Adams Farm Lane
Greensboro, NC  27407
Telephone:     (336) 218-0227
Telecopier:     (336) 218-0240
E-mail:  lingle@puryearandlingle.com

5